IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:

TERRENCE OWENS,

    APPELLANT,

v.

GMAC MORTGAGE, LLC AS SERVICER
FOR U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR RAMP
2005EFC1,

    Appellee.

CIVIL ACTION NO.

1:11-cv-3442-JEC

on appeal from Bankr. N.D. Ga
Ch. 13 Case No. 11-72407-CRM

**ORDER AND OPINION**

This case is before the Court on appeal from the bankruptcy court's Order Denying Appellant's Motion for Reconsideration [Bankr. Doc. No. 27]. In conjunction with the appeal, appellee has filed a Motion for Leave to File a Brief in Opposition [7] and appellant has filed a Motion for Temporary Restraining Order [10]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, concludes that appellee's Motion for Leave [7] should be **GRANTED,** appellant's Motion for Temporary Restraining Order [10] should be **DENIED**, and the bankruptcy court's Order Denying Appellant's Motion for Reconsideration [Bankr. Doc. No. 27] should be **AFFIRMED.**

**BACKGROUND**

*Pro se* appellant initiated a Chapter 13 bankruptcy proceeding on August 1, 2011. Approximately a week later, appellee filed a motion to lift the automatic stay and seeking *in rem* relief as to property located at 683 Gingercake Road, Fayetteville, Georgia (the "property") in which appellant holds a one-third interest. (Appellee's Mot. for Relief [Bankr. Doc. No. 12].) Appellee is the loan servicer for a residential mortgage loan made to purchase the property in 2004. (Appellee's Br. [7] at 4.)

Following a hearing, the bankruptcy court granted appellee's motion and ordered that appellee could "proceed with its state law remedies" as to the property. (Order [Bankr. Doc. No. 23] at 2.) Finding that *in rem* relief was warranted under 11 U.S.C. § 362(d)(4), the bankruptcy court further held that the automatic stay would not be in effect as to appellee should any other party claiming an interest in the property through appellant file another bankruptcy petition. (*Id.*)

Appellant filed a motion to reconsider, which the bankruptcy court denied. ([Bankr. Doc. No. 27].) He subsequently filed a notice of appeal and a motion for temporary restraining order. (Appellant's Br. [3] and Mot. for Temporary Restraining Order [10].) Although the bankruptcy court's order expressly was based on the "reasons stated on the record in open Court" at the hearing on the

2

motion, appellant neglected to file a transcript of the hearing. ([Bankr. Doc. No. 23].)

Appellant obtained his interest in the property in 2010, following a series of unauthorized transactions. On December 23, 2004, third party George Barnes purchased the property with the proceeds of a loan in the amount of $200,000 from EquiFirst. (Security Deed, attached as Ex. A. to Appellant's Mot. [Bankr. Doc. No. 21].) In connection with the transaction, Barnes executed a Note in favor of EquiFirst and a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for EquiFirst. (*Id.*) The Deed states that:

> [i]f all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.

(*Id.* at ¶ 18.)

In spite of the above language, Barnes conveyed the property to The New United Baptist COGIC, Inc. on December 30, 2004. (Appellee's Br. [7] at 6.) The New United Baptist COGIC transferred the property to Brian Owens via a Quitclaim Deed executed on July 31, 2006. (*Id.*) Approximately a year later, Brian Owens executed a Warranty Deed splitting his interest in the property between himself and Thelma Owens. (*Id.*) On October 22, 2009, Brian Owens executed a second Warranty Deed conveying his remaining interest in the property to

3

Thelma Owens. (*Id.* at 6-7.) On November 1, 2010, Thelma Owens executed a Warranty Deed that divided her interest in the property equally between herself, appellant, and A Global Ministry Care, Inc. (*Id.* at 7.) There is no indication that the lender consented to any of these transfers, as required by the original Security Deed.

In addition to the numerous unauthorized transfers, the property has been involved in at least four bankruptcy filings in the past two years: (1) on February 16, 2010, Barnes filed a Chapter 7 proceeding, *see* Case No. 10-10566-WHD; (2) on July 2, 2010, Thelma Owens filed a Chapter 13 proceeding, but her case was dismissed for lack of funding, *see* Case No. 10-79232-MGD; (3) on November 1, 2010, Thelma Owens again filed a Chapter 13 proceeding, which was dismissed for lack of funding, *see* Case No. 10-92864-MGD; and (4) on May 2, 2011, appellant filed a Chapter 13 proceeding, but had his case dismissed for failure to obtain or provide proof of credit counseling as required by §§ 109(h) and 521(b) of Title 11, *see* Case No. 11-63442-CRM. Plaintiff initiated the current Chapter 13 proceeding within three months of the dismissal of his previous bankruptcy. ([Bankr. Doc. No. 1].) When appellee sought to lift the automatic stay, the property was severely underwater: the loan payoff amount was $330,212.38 and the property was only valued at $161,500.00. (Appellee's Mot. [Bankr. Doc. No. 12] at ¶¶ 4, 6.)

4

Appellee neglected to file a timely response brief in opposition to the appeal. (Appellee's Mot. for Leave [7].) Upon its receipt of appellee's motion for leave to submit a brief outside of the applicable time limit, the Court instructed appellant to file a reply on the merits. (May 14, 2012 Minute Order.) Having reviewed all of the submissions, and in the interest of deciding the appeal on its merits, the Court finds that appellee's tardiness was the result of excusable inadvertence and **GRANTS** appellee's motion for leave [7]. *See Belcher v. Columbia Univ.*, 293 B.R. 269, 270 (N.D. Ga. 2001)(Pannell, J.)("The Eleventh Circuit has adopted a flexible standard with regard to the failure to file briefs . . . because the filing of briefs on appeal is not a jurisdictional pre-requisite and does not prejudice the parties to the same degree as a failure to file a timely appeal")(citing *In re Beverly Mfg. Corp.*, 778 F.2d 666-67 (11th Cir. 1985)). The Court will thus consider appellee's brief in ruling on the merits of the appeal and the motion for temporary restraining order.

## STANDARD OF REVIEW

When reviewing bankruptcy proceedings, the district court functions as an appellate court. *In re Walker,* 515 F.3d 1204, 1210 (11th Cir. 2008). As such, the Court generally reviews conclusions of law *de novo* and findings of fact for clear error. *In re JLJ Inc.,* 988 F.2d 1112, 1116 (11th Cir. 1993). However, discretionary rulings

5

made pursuant to the Bankruptcy Code are reviewed only for an abuse of discretion. *In re Citation Corp.*, 493 F.3d 1313, 1317-18 (11th Cir. 2007). An abuse of discretion occurs if the bankruptcy judge applies an incorrect legal standard, fails to follow proper procedures, or makes clearly erroneous findings of fact. *Id. See also In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997)(discussing the abuse of discretion standard).

## **DISCUSSION**

### **I.  APPEAL OF THE BANKRUPTCY COURT'S ORDER**

The bankruptcy court's decision to lift the automatic stay is a discretionary ruling, and may be reversed only upon a showing of abuse of discretion. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989). There is no evidence in the record to suggest that the bankruptcy court abused its discretion in this case. Indeed, given that the bankruptcy court's stay order is based on "the reasons stated on the record in open Court" at the hearing [Bankr. Doc. No. 23], appellant's failure to submit a transcript of the hearing is in itself sufficient to affirm the order. *See In re Wilson*, 402 B.R. 66, 69 (1st Cir. 2009)("Where the bankruptcy court's findings or conclusions of law were set forth on the record at a hearing, the appellant must provide a transcript of the hearing as part of the record on appeal.") and *Fields v. Booker*, 283 Fed. App'x 400, 402 (7th Cir. 2008)(affirmance was warranted where the bankruptcy court's

6

AO 72A
(Rev.8/82)

order stated it was done "[f]or reasons stated in open court" and the appellant failed to submit a transcript).

Moreover, the limited record before the Court supports the bankruptcy court's decisions both to lift the stay and to grant *in rem* relief.  Although appellant's brief is unclear and raises a number of extraneous issues, it can essentially be condensed to the following arguments:  (1) the bankruptcy court lacked jurisdiction over the "equity dispute" at issue in the case, and (2) the bankruptcy court abused its discretion.  Neither argument is persuasive.

### A. The Bankruptcy Court Did Not Lack Jurisdiction.

Much of appellant's argument centers around his theory that the bankruptcy court lacked jurisdiction to settle the "equity dispute" between himself and appellee. (Appellant's Br. [3] at 4-6.)  This argument is completely at odds with the relevant provisions of the Bankruptcy Code.  Pursuant to 11 U.S.C. § 541(a), the commencement of a Chapter 13 bankruptcy creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541 (a)(1).  Under 11 U.S.C. § 362, a bankruptcy petition operates as a stay of "any act to obtain possession of" or to "enforce any lien against" property of the estate.  11 U.S.C. § 362(a)(3) and (4).  However, a creditor is entitled under § 362 to seek relief from the stay as to estate

7

property that serves as collateral. 11 U.S.C. § 362(d). In applying that provision, the bankruptcy court is expressly required to consider the debtor's equity in estate property. *Id.*

More generally, it is well established that the bankruptcy court sits in equity and has the equitable powers necessary and appropriate to carry out its function. *See In re Lancaster Steel Co.*, 284 B.R. 152, 160 (S.D. Fla. 2002)(Hurley, J.)("courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity") and *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2nd Cir. 1994)("It is well settled that bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.") Appellant's suggestion that the bankruptcy court lacked jurisdiction to lift the stay because it is not a "court of equity" is therefore meritless.

### B. The Bankruptcy Court Did Not Abuse Its Discretion.

In support for his contention that the bankruptcy court abused its discretion, appellant makes numerous arguments, all of which lack any legal or factual support. (Appellant's Br. [3] at 1-3, 6-9.) As an initial matter, the Court flatly rejects appellant's vague suggestion that the bankruptcy court somehow violated his due process rights under the Fifth Amendment of the United States Constitution. (*Id.* at 1.) Appellant was given notice for the hearing on appellee's motion, attended the hearing, argued before the bankruptcy court, and

8

presented evidence in support of his position. That the outcome of the hearing was adverse to plaintiff does not render the process inadequate. *See In re Richards*, No. 09-69716-WLH, 2012 WL 2357672, at *4 (Bankr. N.D. Ga. June 8, 2012)(Hagenau, J.)("the Debtor was provided due process before the entry of the Order on Relief from Stay. Due process requires the party be given notice and a meaningful opportunity to be heard.")(citing *Lachance v. Erickson*, 522 U.S. 262, 266,(1998)).

Appellant's contention that appellee had "no invested interest" in the property is likewise meritless. As servicer of the underlying loan, appellee is a "real party in interest" with standing to act on behalf of its principal in bankruptcy proceedings. *Greer v. O'Dell*, 305 F.3d 1297, 1299 (11th Cir. 2002). Moreover, the fact that appellee failed to file a proof of claim did not prohibit the bankruptcy court from granting its requested relief. While Bankruptcy Rule 3002 demands that an unsecured creditor file a proof of claim, a secured creditor need not do so to protect its lien. *In re Carlton*, 437 B.R. 412, 424 (Bankr. N.D. Ala. 2010)(Robinson, J.) (citing Fed. R. Bankr. P. 3002(a) and *Matter of Folendore*, 862 F.2d 1537, 1539 (11th Cir. 1989)).

Contrary to appellant's argument, a review of the record also shows that the bankruptcy court acted well within its discretion in

9

granting relief under § 362(d). That section states that the bankruptcy court "shall grant relief" from the stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if--

   (A) the debtor does not have an equity in such property; and

   (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(1)-(2).

Even now, appellant does not dispute that he lacks a security interest in the property that is superior to that of appellee's principal. Appellant contends that through certain unspecified improvements he has created for himself an interest equal to that of appellee's principal. (Appellant's Brief [3] at 6.) Given that the original loan was for $200,000.00, the payoff amount is $330,212.38, and the property is valued at only $161,500.00, appellant's claim to have created equity in the property is highly suspect. In any event, appellant's alleged investment could not have created a legal interest superior to that of a deed holder. *See In re Hedrick,* 524 F.3d 1175, 1181 (11th Cir. 2008). Neither is there any evidence to suggest that the property is necessary for an effective reorganization under the second prong of § 362(d)(2).

10

Finally, the record supports the bankruptcy court's decision to grant *in rem* relief. Pursuant to § 362(d)(4), where a creditor's claim is secured by real property, the court may grant *in rem* relief:

> if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4). Even the limited record before the Court demonstrates that the above requirements are met with respect to the property at issue in this case. Since 2004, the property has been transferred without the secured creditor's consent or court approval six times, and it has been involved in five bankruptcy filings in the past two years. Under the circumstances, the bankruptcy court was well within its discretion to decide that the numerous transfers and bankruptcy filings evidenced an intent to delay and hinder appellant in its attempt to enforce its security interest.

## II. **APPELLANT'S MOTION FOR A TEMPORARY RESTRAINING ORDER [10]**

Appellant recently filed a motion for a temporary restraining order to prohibit appellee from proceeding with a foreclosure of the property currently scheduled for October 2, 2012. (Appellant's Mot. for Temporary Restraining Order [10] at 2.) Appellant's motion for

11

a restraining order is based on the same arguments submitted in support of its appeal.  Given the Court's ruling on the appeal, appellant cannot show that he is likely to succeed on the merits of his claim.  *See Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011)(in order to obtain preliminary injunctive relief, the plaintiff must "clearly establish . . . a substantial likelihood of success on the merits").  Accordingly, appellant's motion for a temporary restraining order [10] is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** appellee's Motion for Leave [7], **DENIES** appellant's Motion for Temporary Restraining Order [10] and **AFFIRMS** the bankruptcy court's Order Denying Appellant's Motion for Reconsideration [Bankr. Doc. No. 27].  The Clerk shall close this action.

So ORDERED this <u>24th</u> day of September, 2012.

<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)